IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **PAULETTE WALKER** | § | |
| | § | |
| **PLAINTIFF** | § | |
| | § | |
| V. | § | CASE NO. 3:14-cv-00963 |
| | § | |
| **ADVANTAGE CABLE SERVICES, INC.** | § | |
| | § | |
| **DEFENDANT** | § | |

**DEFENDANT ADVANTAGE CABLE SERVICES, INC.'S**
**ORIGINAL ANSWER**

To the Honorable United States District Judge:

Now comes Defendant Advantage Cable Services, Inc. ("ACS") to file this Original Answer and would respectfully show the Court as follows:

All references to "Paragraph #" refer to Plaintiff's Original Complaint unless stated expressly to the contrary.

1. ACS denies the allegations set forth in Paragraph 1.

2. ACS does not object to jurisdiction.

3. ACS does not object to venue.

4. ACS lacks knowledge to admit or deny the allegations contained in Paragraph 4.

5. ACS admits the allegations set forth in Paragraph 5.

6. Paragraph 6 is an incomplete sentence and therefore ACS does not know what factual assertion is being made. Accordingly, ACS denies the allegations set forth in Paragraph 6.

7. ACS denies the allegations set forth in Paragraph 7.

8.   ACS lacks knowledge to admit or deny the allegations contained in Paragraph 8.  Otherwise, ACS denies the allegations set forth in Paragraph 8.

9.   ACS denies the allegations set forth in Paragraph 9.

10.  ACS denies the allegations set forth in Paragraph 10.

11.  ACS asserts that Plaintiff gave consent to place calls to Plaintiff's cellular telephone.  ACS denies that it made any calls to Plaintiff's cellular telephone after Plaintiff requested that such calls cease.  Otherwise, ACS denies the allegations set forth in Paragraph 11

12.  There are no factual allegations contained in Paragraph 12, but to the extent there are ACS denies such allegations.

13.  ACS denies the allegations set forth in Paragraph 13.

14.  ACS denies the allegations set forth in Paragraph 14.

15.  ACS denies the allegations set forth in Paragraph 15.

16.  ACS lacks knowledge to admit or deny the allegations contained in Paragraph 16.  Otherwise, ACS denies the allegations set forth in Paragraph 16.

17.  ACS admits the allegations set forth in Paragraph 17.

18.  ACS denies the allegations set forth in Paragraph 18.

19.  ACS denies the allegations set forth in Paragraph 19.

20.  ACS denies the allegations set forth in Paragraph 20.

21. ACS denies that Plaintiff is entitled to any relief requested in the Prayer for Relief in the Original Complaint.

ADDITIONAL DEFENSES

22. ACS asserts that Plaintiff gave prior express consent to call the telephone number at issue.

23. ACS asserts that Plaintiff gave prior express consent to call Plaintiff's cellular telephone.

24. ACS denies that Plaintiff was charged for the calls to her telephone for which she now complains.

Wherefore, premises considered, ACS prays that:

    a.   Plaintiff recover nothing by her action; and,

    b.   ACS recover its costs of court and such other and further relief as to which it may show itself justly entitled.

Respectfully submitted,

*/s/ Douglas R. Hudman*

Douglas R. Hudman
State Bar No. 10149860
Matthew R. Hudman
State Bar No. 24041143

306 West 7th Street, Suite 500
Ft. Worth, Texas 76102
(817) 335-1050
(817) 332-3140 Facsimile
drh@hjpllp.com

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

This is to certify that I have on this the 8th day of April, 2014, forwarded a true and correct copy of the foregoing to counsel for Plaintiff.

*/s/ Douglas R. Hudman*
_____
Douglas R. Hudman